# CIRCUIT COURT OF THE CITY OF NORFOLK

James Thompson

v.

Olivia D. Almas

January 4, 2000

Case No. (Law) L99-2227

BY JUDGE MARC JACOBSON

Plaintiff James Thompson has moved this Court for leave to incorporate all discovery taken and/or submitted in a previous case filed and heard in this Court styled *James Thompson v. Francois Porté, Olivia D. Almas, and Stormont Trice Corp., d/b/a Norfolk Waterside Marriott Hotel*, Law No. L98-1500. Defendant Olivia D. Almas objects to the said Motion of Plaintiff. During oral argument by counsel for both Plaintiff and Defendant on December 29, counsel for Plaintiff reduced the discovery request to depositions taken in regard to the previous case, Law No. L98-1500.

Counsel for Plaintiff, as a basis for Plaintiff's motion to utilize the depositions in the previous action, relies upon Rule 4:7(a)(7) of the Rules of the Virginia Supreme Court and more specifically the following portion of said Rule:

> when an action in any court of the United States or of this or any other state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the one action may be used in the other as if originally taken therefor.

It is apparent to the Court that the above-captioned action involves the "same subject matter" as the above referred to Law No. L98-1500. In the last-

2

mentioned action a nonsuit was taken as to the Defendant and the above-captioned suit was thereafter instituted against the Defendant, with the Defendant being the only named party.

Counsel for Defendant expressed concern during oral argument as to whether or not the depositions taken in the case of Law No. L98-1500 were "duly filed" as required in Rule 4:7(a)(7). The Court does not address whether this is or is not a valid issue or concern but does find that the above-captioned action and Law No. L98-1500 do not involve "the same parties or their representatives or successors in interest" as required by Rule 4:7(a)(7).

Accordingly, the Motion of Plaintiff to incorporate all discovery (voluntarily limited to depositions) taken in the previous case, Law No. L98-1500, as part of the record in the above-captioned action is denied. The Court does not consider nor address the utilization of the depositions as might be otherwise proper or appropriate as determined by the trial judge.